IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
DINAH TURRENTNIE-SIMS,        )
                              )
              Petitioner,     )        8:11CV194
                              )
       v.                     )
                              )
STATE OF NEBRASKA,            )        MEMORANDUM OPINION
                              )
              Respondent.     )
_____)
```

This matter is before the Court on respondent's motion for summary judgment (Filing No. 11). In support of its motion, respondent filed a brief (Filing No. 12), reply brief (Filing No. 16), and State Court Records (Filing No. 10). Petitioner filed a brief in opposition to the motion (Filing No. 15). As set forth below, the motion for summary judgment will be granted.

Liberally construing the allegations of Dinah Turrentine-Sims' Petition for Writ of Habeas Corpus ("Petition"), she argues that she is entitled to a writ of habeas corpus because:

> Claim One: Petitioner was deprived of her rights under the Fourth Amendment because no arrest warrant had been issued and/or the arresting officers failed to provide her with a copy of the arrest warrant prior to entering her home.
>
> Claim Two: Petitioner was denied due process in violation of the Fifth and Fourteenth Amendments because (1) a conflict of interest biased the arraigning judge; (2)

the pre-sentence investigator failed to adequately investigate information provided by petitioner; (3) the prosecutor failed to abide by the plea agreement; (4) the prosecutor had improper contact with the media; (5) the prosecutor misrepresented the facts of the case to the court; (6) the sentencing judge was biased and lacked jurisdiction; (7) the sentencing judge failed to explain his reasons for ordering consecutive sentences; and (8) petitioner was convicted and sentenced based on false information.

Claim Three: Petitioner was convicted in violation of the Fifth Amendment's double jeopardy clause because the alleged criminal conduct charged under "theft by deception" was the same conduct charged under "abuse of a vulnerable person."

Claim Four: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because her trial counsel (1) failed to investigate and provide her with a copy of the arrest warrant; (2) failed to inform her of the possibility she might receive consecutive sentences; (3) failed to properly explain the plea agreement; (4) failed to adequately investigate possible defenses; and (5) failed to inform her of the possibility of petitioning for habeas corpus relief.

(Filing No. 9 at CM/ECF pp. 1-2 (together, the "Habeas Claims").)

***BACKGROUND***

Petitioner pled guilty to two counts of theft by deception and two counts of abuse of a vulnerable adult, and was later sentenced to serve a prison term of 20 to 26 months on those convictions (Filing No. 1 at CM/ECF pp. 1-2). Petitioner did not file a direct appeal. (*Id.* at CM/ECF p. 2.) The only other action taken by petitioner regarding her Habeas Claims was the filing of a "Petition" in the Nebraska Supreme Court on April 26, 2011 (Filing No. 10-1, Attach. 1, at CM/ECF pp. 1-72). The Nebraska Supreme Court construed this document as a petition for habeas corpus and denied relief on May 11, 2011 (Filing No. 10-2, Attach. 2, at CM/ECF p. 2). Petitioner filed her petition in this Court on May 27, 2011 (Filing No. 1).

***ANALYSIS***

Respondent argues that petitioner has not properly subjected her Habeas Claims to Nebraska state court review and, thus, all claims raised in the petition are unexhausted and the petition must be dismissed. The Court agrees. As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> (A) the applicant has exhausted the remedies

-3-

> available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if

the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, under Nebraska law, "[t]he availability of habeas corpus . . . is restricted." *Rust v. Gunter*, 421 N.W.2d 458, 460 (Neb. 1988). As set forth by the Nebraska Supreme Court:

> This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.

*Id.* Stated another way, a state habeas corpus action "is not available to attack mere errors at trial from which a direct appeal could have been taken." *Al-Hafeez v. Foster*, 329 N.W.2d 573, 574 (Neb. 1983). Thus, a Nebraska state habeas corpus petition may only be filed to attack a void judgment. As long as the "court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose," a Nebraska state habeas action "will not lie." *Rehbein v. Clarke*, 598 N.W.2d 39, 43 (Neb. 1999). As an example, constitutional claims challenging the effectiveness of counsel, the voluntariness of a plea, or the conditions of confinement may not be raised in a Nebraska state habeas corpus action. *Id.* at 44-45.

As set forth above, petitioner did not file a direct appeal (Filing No. 1 at CM/ECF p. 2). Moreover, petitioner has not yet filed a motion seeking post-conviction relief in the Nebraska state courts and therefore has not raised her Habeas Claims in any state post-conviction proceeding (Filing No. 7). Indeed, petitioner's only state-court filing is the "Petition" she filed with the Nebraska Supreme Court (Filing No. 10-1, Attach. 1, at CM/ECF 1-72). Petitioner argues that she raised her claims in this state habeas corpus action, and therefore exhausted her claims (Filing No. 15 at CM/ECF pp. 3-4). However, as set forth above, a state petition for habeas corpus, filed directly with the Nebraska Supreme Court, is not the proper avenue for raising petitioner's Habeas Claims. In addition, even if it was the proper avenue, petitioner raised those claims directly with the Nebraska Supreme Court, without first subjecting them to review by the trial court and the Nebraska Court of Appeals.

In short, petitioner has not subjected any of her Habeas Claims to "one complete round" of state-court review and this Court may not review the Habeas Claims until she does so. In light of this, the motion for summary judgment will be granted

and the petition will be dismissed in its entirety.[1]  The Court warns petitioner that the statute of limitations for filing a second petition after she properly exhausts her Habeas Claims in state court is very narrow.  Petitioner should read and comply with the relevant statute of limitations.  *See* [28 U.S.C. § 2244(d)(1-2)](#).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] To be clear, the petition is dismissed because the claims are premature, or "unripe."  The Court makes no finding on the merits of the petition and a subsequent petition raising these claims should not be considered "successive" based on this memorandum opinion.  *See [Singleton v. Norris](#), 319 F.3d 1018, 1023 (8th Cir. 2003)* (noting that "[a] claim raised in a prior petition that was dismissed as unripe" is not considered successive).

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.